FILED

March 11, 2019

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:33 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **BLADIMIR BERMUDEZ,** | ) | **Docket No. 2018-06-0374** |
| **Employee,** | ) | |
| **v.** | ) | |
| **RICK MESSINA,** | ) | **State File No. 18258-2018** |
| **d/b/a MESSINA MASONRY &** | ) | |
| **CONSTRUCTION, LLC,** | ) | |
| **Employer.** | ) | **Judge Joshua Davis Baker** |

_____

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)
_____

This claim came before the Court on Mr. Bermudez's request for expedited hearing. Mr. Bermudez requested that the Court decide his interlocutory claim for benefits based on a review of the record without an evidentiary hearing. Messina Masonry did not oppose his request, and the Court issued a docketing notice giving the parties until March 1, 2019, to file position statements.

Mr. Bermudez seeks temporary disability and medical benefits, including reimbursement of medical expenses, for injuries he suffered in a fall while working at Messina Masonry. He also seeks a finding that he is eligible to receive funds from the Uninsured Employers Fund (UEF). This Court holds he would likely prove at a final hearing that he is entitled to temporary disability and medical benefits. Further, the Court finds he is eligible to receive UEF funds for this work injury.

### Claim History

Mr. Bermudez worked as a bricklayer for Messina Masonry since 2015. At a Franklin, Tennessee worksite on January 26, 2018, he was carrying bricks across a wooden walk-board when the board broke. He fell roughly fifteen feet, fracturing his left ankle.

Mr. Bermudez was hospitalized at Vanderbilt University Medical Center on the day of his injury, and Dr. Manish Kumar Sethi operated on his "[t]ype 3 open left pilon fracture" the following day. He then placed him in a cast and a splint through March 19, 2018, when he recommended "nonweightbearing in a splint that is removable" with a follow up visit in six weeks. Dr. Sethi provided his written opinion that the fall at work primarily caused Mr. Bermudez's left ankle fracture and that the treatment provided was "the direct and natural result" of his fall. Mr. Bermudez did not provide records to show he received any further treatment.

Mr. Messina did not offer or provide Mr. Bermudez with emergency treatment or follow-up medical care and did not have workers' compensation coverage on Mr. Bermudez's injury date. The Bureau's compliance investigator attached printouts from the National Council on Compensation Insurance (NCCI) to his completed Expedited Request for Investigation (ERFI) form that showed the insurance carrier cancelled the policy after roughly a month for non-payment.

Mr. Bermudez filed a petition for benefit determination (PBD) within sixty days of his injury date, alleging that Messina Masonry did not have workers' compensation coverage at the time of his injury. On the PBD form, he provided the same residential Tennessee address as he provided to the compliance investigator, who noted it on the ERFI form. That address also appears on other file documentation.

**Findings of Fact and Conclusions of Law**

While Mr. Bermudez must prove all essential elements of his claim by a preponderance of the evidence at a final hearing, he need only present sufficient evidence at this expedited hearing that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

The Court must first examine whether Mr. Bermudez is likely to prove that he is entitled to temporary disability benefits and medical treatment from Mr. Messina at a final hearing. In Workers' Compensation Law, the employer "shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). An "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment.

Here, Mr. Bermudez's unrefuted declaration establishes he fell from scaffolding and fractured his left ankle while working for Mr. Messina. The medical records support

his account of how he became injured. Dr. Sethi stated the fall Mr. Bermudez described primarily caused his ankle fracture. Accordingly, the Court holds Mr. Bermudez is likely to prove he sustained an accidental injury caused by a specific incident arising primarily out of and in the course and scope of his employment, and Mr. Messina must provide continuing reasonable and necessary medical treatment related to this injury.

Further, Dr. Sethi's signed statement shows Mr. Bermudez's medical treatment at Vanderbilt University Medical Center was reasonable and necessary and resulted directly from the work accident. Mr. Bermudez's unrefuted declaration demonstrates Mr. Messina did not offer any medical care for this injury. Consequently, the Court holds Mr. Messina must pay for treatment Mr. Bermudez received from Dr. Sethi and Vanderbilt for this injury. *See e.g.*, *Ducros v. Metro Roofing and Metal Supply Co., Inc.*, TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017) ("[A]n employer who does not timely provide a panel of physicians risks being required to pay for treatment an injured worker receives on his own."). The Court also appoints Dr. Sethi as Mr. Bermudez's authorized treating physician since Mr. Bermudez had to seek treatment on his own due to Mr. Messina's failure to provide medical care. *See Young v. Young Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *16 (May 25, 2016).

Concerning temporary disability benefits, Mr. Bermudez must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) his disability existed for a specific duration. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Mr. Bermudez sustained a fracture on January 26, 2018, that required hospitalization and immediate surgery. After the surgery, Dr. Sethi placed Mr. Bermudez in a cast and then a splint with a "nonweightbearing" restriction from March 19, 2018, to April 30, 2018. Therefore, the Court finds Mr. Bermudez is likely to prove temporary total disability from January 26, 2018 to April 30, 2018. However, Mr. Bermudez did not present proof of his wages, and the Court declines to fashion a speculative award of temporary disability benefits.

Having found Mr. Bermudez is likely to prove he is entitled to temporary disability and medical benefits, the Court next examines his eligibility for assistance from the UEF. The Bureau has discretion to pay limited temporary disability and medical benefits from the UEF to an employee who: 1) worked for an uninsured employer, 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015, 3) was a Tennessee resident on the date of the injury, and 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within a reasonable period of time, not to exceed sixty days. Tenn. Code Ann. § 50-6-801(d)(1)-(4).

The NCCI printouts show Mr. Messina did not have a workers' compensation policy when Mr. Bermudez fractured his ankle. As decided here, Mr. Bermudez's declaration, Dr. Sethi's statement, and the medical records show Mr. Bermudez suffered a work-related injury after July 1, 2015. He also filed a PBD within the sixty-day timeframe, and his PBD alleged that he was injured while working for an employer who had failed to secure workers' compensation coverage. Based upon his consistent use of the same Tennessee address, that he had worked for Mr. Messina's Tennessee business for three years, and that he was injured in Franklin, Tennessee, the Court finds Mr. Bermudez physically resided in Tennessee at the time of his injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Messina shall pay for past medical care with Dr. Sethi and Vanderbilt University Medical Center for this injury. Dr. Sethi shall serve as the authorized treating physician. Mr. Bermudez or the medical providers shall furnish any other reasonable, necessary and related bills to Mr. Messina for prompt payment.

2. Mr. Bermudez is entitled to temporary disability payments from January 26, 2018, to April 30, 2019.

3. Mr. Bermudez is eligible to receive medical and temporary disability benefits from the UEF.

4. This matter is set for a Scheduling Hearing on Monday, April 22, 2019, at 9:30 a.m. (CDT). The parties must call 615-532-9552 or 866-943-0025 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). Mr. Messina must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Penalty Unit by email at WCCompliance.Program@tn.gov.

**ENTERED MARCH 11, 2019.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on March 11, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tim Lee, Employee's Attorney | | | X | tim@timleelawfirm.com |
| Rick Messina, Self-represented Employer | X | | X | 2418 Old Greenbrier Pike Greenbrier, TN 37073 messinamasonry@live.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
Wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation

www.tn.gov/labor-wfd/wcomp.shtml

wc.courtclerk@tn.gov

1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

### * Attach an additional sheet for each additional Appellee *

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month       Telephone      $ _____ per month

Electricity        $ _____ per month       School Supplies $ _____ per month

Water              $ _____ per month       Clothing       $ _____ per month

Gas                $ _____ per month       Child Care     $ _____ per month

Transportation     $ _____ per month       Child Support  $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____